**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 14-5170-GHK(Ex) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CERTIFICATION AND ORDER |
| ) | |
| JOHN M. GORDON, ) | TO SHOW CAUSE RE CONTEMPT |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

IT IS ORDERED that John M. Gordon ("Gordon") shall appear on April 11, 2016, at 9:30 a.m., in the Courtroom of the Honorable George H. King, Chief United States District Judge, and then and there shall show cause, if there be any, why Gordon should not be adjudged in contempt by reason of the facts certified herein.

///
///
///
///
///
///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On October 31, 2014, the Clerk of this Court entered a "Default Judgment" against Gordon and in favor of Plaintiff.

2. On August 7, 2015, Plaintiff filed an "Application for Appearance and Examination Re: Enforcement of Judgment" seeking an order that Gordon appear before the Magistrate Judge for a judgment debtor examination.

3. On August 11, 2015, the Magistrate Judge issued an "Order to Appear for Examination Re: Enforcement of Judgment," requiring that Gordon appear before the Magistrate Judge on September 18, 2015, at 9:30 a.m in Courtroom 20 for a judgment debtor examination.

4. At Plaintiff's request, on September 14, 2015, the Court filed an "Order Continuing Debtor's Examination," continuing the judgment debtor examination of Gordon from September 18, 2015, to December 11, 2015, at 9:30 a.m.

---

[1] The question of whether Gordon should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for his consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3rd Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

5. A proof of service filed by Plaintiff on October 14, 2015, purportedly reflects a September 27, 2015 personal service on Gordon of the "Order to Appear for Examination re: Enforcement of Judgment; Demand for Production and Inspection of Documents; Order Continuing Debtor's Examination."

6. On December 11, 2015, at 9:30 a.m. in Courtroom 20, counsel for Plaintiff appeared for Gordon's examination, but Gordon failed to appear at that time and place. On December 11, 2015, the Magistrate Judge continued Gordon's examination to January 29, 2016, at 9:30 a.m. in Courtroom 20.

7. On January 29, 2016, at 9:30 a.m. in Courtroom 20, counsel for Plaintiff again appeared for Gordon's examination, but Gordon again failed to appear at that time and place.

8. On February 2, 2016, Plaintiff filed a "Non Service Report" purportedly reflecting unsuccessful efforts during December and January, 2016 to serve Gordon with a "Notice of Continuance of Judgment Debtor's Examination."

9. On February 5, 2016, Plaintiff filed a "[Proposed] Certification of Facts for Contempt Proceedings." Because Plaintiff's "[Proposed] Certification of Facts for Contempt Proceedings" includes matters as to which the Magistrate Judge lacks personal knowledge and cannot properly take judicial notice, the Magistrate Judge has declined to adopt

Plaintiff's "[Proposed] Certification of Facts for Contempt Proceedings." Instead, the Magistrate Judge now issues the present certification.

DATED: February 8, 2016.


                                                /s/
                                   CHARLES F. EICK
                     UNITED STATES MAGISTRATE JUDGE